**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                  Civil No. 01-49 LH/WWD
                                       Crim. No. 99-17 HB

FELIPE VEGA SUAREZ,

      Defendant/Petitioner.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**
**Proposed Findings**

    1.    THIS MATTER comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed January 5, 2000.  Petitioner ("Suarez") is incarcerated and is proceeding *pro se*.

    2.  On September 19, 1998, Petitioner was stopped by the United States Border Patrol while driving a van transporting nine Mexican nationals over the border to the location where the van was stopped.  Upon questioning, Petitioner gave evasive information including different names and dates of birth.  Agents eventually ascertained that the van driver was Suarez, who was himself a Mexican national.

    3.  The illegal aliens in the van were granted voluntary return to Mexico.  Suarez was arrested and charged with Re-Entry of a Deported Alien, in violation of 8 U.S.C. § 1326(a)(1). The Presentence Report ("PSR") states that the information provided was not "substantial for prosecution for the charge of Bringing in Illegal Aliens."  Resp., Ex. B, PSR at 2.

4.  Suarez pled guilty to the charge in the indictment.  (Crim.Doc 12)[1]  According to the Presentence Report, Petitioner had prior criminal convictions, including convictions for third-degree criminal sexual conduct with a minor, possession of a dangerous weapon, theft, third-degree assault resulting in substantial bodily harm, and illegal entry into this country.  This last offense was separate from the criminal charge which gives rise to this petition, and occurred only one month before the instant offense.  See Resp., Ex. B, PSR, ¶¶ 18-24.  Based on his extensive criminal history, Petitioner's offense level was calculated at level 24, PSR ¶ 12, which was reduced to level 21 under U.S.S.G. § 3E1.1(a) and § 3E1.1(b).

5.  The sentencing judge, Honorable Howard C. Bratton, denied a motion raised by defense counsel concerning the adequacy of the downward departure, and adopted the findings contained in the Presentence Report.  On July 7, 1999, Petitioner was sentenced to 77 months of incarceration, based on the offense level of 21 and a criminal history category of VI.  Judgment was entered on July 20, 1999.  (Crim. Docs. 25, 26).

6. Suarez filed a direct appeal on the sole issue of whether the district court erred in refusing to depart downward based on an alleged over-representation of his criminal history.  The appeal was denied.  (Crim.Doc. 30, U.S. v. Vega Suarez, No. 99-2244, 2000 WL 14418 (10th Cir. Jan. 10, 2000)).

7.  In this § 2255 petition, Suarez alleges that he was convicted without understanding the nature of the charge and the consequences of the plea.  Pet. at 5.  Specifically, he contends that his attorney told him he would be sentenced to 48 months and that his attorney was ineffective

---

[1]  References to the "Crim. Doc." are to the Court record in the underlying criminal case, Crim.No. 99-17 HB.

because he was sentenced to 77 months instead.   Respondent seeks dismissal of the petition on the alternate grounds that it is procedurally defaulted, and also that it lacks merit on its substantive grounds.

8.   Petitioner's claim does appear to be procedurally defaulted, since he did not raise a claim of ineffective assistance or the involuntariness of his plea on appeal.  Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. United States v. Cook, 997 F.2d 1312, 1320 (10th Cir.1993).  Suarez does not present evidence which can be construed as cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or that a fundamental miscarriage of justice will occur if his claim is not addressed.   Id., accord, United States v. Frady, 456 U.S. 152, 168 (1982).

9. However, in cases of appeals from federal convictions under 28 U.S.C. § 2255, the preferred procedure for reviewing ineffective assistance of counsel claims is to bring them by way of habeas corpus or other supplemental proceedings in the trial court rather than as a part of the direct appeal.   See Clark v. Tansy, 13 F.3d 1407, 1412 (10th Cir. 1993); see also U.S. v. Galloway, 32 F.3d 299 (10th Cir. 1994).   Also, the procedural bar rule of Frady does not apply to claims of ineffective assistance of counsel.   See Cook, 45 F.3d at 392 (defendant may establish cause for procedural default by showing he received ineffective assistance of counsel).  Thus, I review Petitioner's ineffective assistance claim on the merits.

10.   Petitioner alleges that his plea was involuntary because he was given to understand that he would only be sentenced to 48 months.  However, his statements at the change of plea hearing on March 4, 1999 before the Honorable John E. Conway indicates that he had an accurate understanding of the maximum sentencing range.  Resp., Ex. A, "Plea Hrg."

3

11.  In response to Judge Conway's questions, Suarez stated that he was pleading guilty of his own free will.  He was not induced into accepting the plea, nor were any promises made in exchange for his entering a plea of guilty.  Plea. Hrg. at 10-11.  Petitioner stated that he understood the maximum sentence to be 20 years, based on an aggravated felony and the charge of re-entering the country without permission.  Suarez stated that he was aware that if his attorney gave him another estimate, even if it was lower, he would not be allowed to withdraw his plea.  Id. at 12-13.  Judge Conway found that Suarez was fully competent and capable of entering into an informed plea.  Id. at 17.  Thus, based on Petitioner's own sworn statements at his plea hearing, his plea was knowing and voluntary.

12.  There is no merit to Petitioner's allegations of ineffective assistance.  In the context of a guilty plea, a petitioner alleging ineffective assistance must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

13.  Other than his mere assertion that counsel told him he would be sentenced to 48 months, there is no other evidence of this in the record.   Nor does Petitioner state at what point in his case he allegedly made the comment.  As Respondent points out, such a comment may not have been unfounded made before knowing about Petitioner's convictions that came to light in the presentence investigation.  See U.S. v. Rhodes, 913 F.2d 839, 842-44 (10th Cir. 1990); see also U.S. v. Williams, 118 F.3d 717,718 (10th Cir. 1997) (erroneous estimate attributable to a more extensive criminal history does not render a  plea involuntary, nor render counsel's performance deficient).

14.  Even if Petitioner's trial counsel misinformed him about the possible length of his sentence, such does not form the basis for habeas relief, since circumstances such as estimation of sentence substantially less than received do not invalidate a plea or render it involuntary.  See Thomas v. Kerby, 44 F.3d 884, 886-87 (10th Cir. 1995); accord, U.S. v. Broce, 488 U.S. 563, 572 (1989) (pleading guilty "entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts"); cited in Bustamonte v. LeMaster, No. 99-2220, 2000 WL 107373, at *2 (10th Cir. N.M.).  Only misinformation "of constitutional magnitude" is cognizable under § 2255.  United States v. Blackwell,127 F.3d 947 (10th Cir. 1997) (quoting United States v. Addonizio, 442 U.S. 178, 187 (1979)).

15.  Had Petitioner gone to trial and been convicted, he would have been exposed to a sentencing range of 100 to 125 months, based on an offense level of 24 with a criminal history category of VI.  PSR, ¶ 33.  A miscalculation of the sentence length according to Petitioner's allegations can hardly be said to be prejudicial.

16.  Accordingly, I find that Petitioner's claims (ineffective assistance of counsel and involuntariness of his plea) have no merit.

### Recommendation

I recommend that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 be DENIED and that this cause be DISMISSED WITH PREJUDICE in its entirety.  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections with the clerk of

the district court within the ten day period allowed if that party wants to have appellate review of

the proposed findings and recommendations.  If no objections are filed, no appellate review will

be allowed.

_____
UNITED STATES MAGISTRATE JUDGE